UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERTA LINDENBAUM, individually
and on behalf of all others similarly situated,

    Plaintiff,

v.

THE STANDARD FIRE INSURANCE
COMPANY,

    Defendant.

CASE NO. 1:21-cv-691

CLASS-ACTION COMPLAINT
FOR DAMAGES AND
DEMAND FOR JURY TRIAL

## CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff, Roberta Lindenbaum, individually and on behalf of all others similarly situated, files this Class Action Complaint against The Standard Fire Insurance Company ("Standard" or "Defendant") and in support states as follows:

## NATURE OF THE ACTION

1. This is a class action lawsuit by Plaintiff Roberta Lindenbaum who was the named insured under a Standard automobile policy for private passenger auto physical damage, pursuant to which Defendant was required to pay the applicable sales tax for a damaged or stolen vehicle as part of a payment of loss.

2. Insureds, such as Plaintiff and the putative Class Members, pay premiums in exchange for Standard's promises under its automobile policy.

3. Notwithstanding its clear contractual obligations, Standard failed to include sales tax in its loss payments for Plaintiff's and putative Class Members' claims, in breach of its clear policy promise.

4. This lawsuit is brought by Plaintiff individually and on behalf of all other similarly situated insureds who suffered damages due to Standard's failure to include sales tax in loss claim payments.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because (a) Plaintiff is a member of the putative class, which consists of at least 100 members; (b) Plaintiff is an Ohio citizen and Defendant is a Connecticut citizen; and (c) the amount-in-controversy exceeds the sum of $5 million exclusive of interest and costs.

6. Venue is proper in this Court because a substantial portion of the acts and course of conduct giving rise to the claims alleged occurred within the district and Defendant is subject to personal jurisdiction here.

## THE PARTIES

7. At all times material hereto, Plaintiff Roberta Lindenbaum is and was a citizen of the State of Ohio and domiciled in Cuyahoga County.

8. At all times material hereto, Defendant is and was a corporation located in the State of Connecticut and authorized to transact insurance in the State of Ohio and conducting a substantial part of its business in Cuyahoga County. Defendant's principal place of business and headquarters are both located in the State of Connecticut.

## STANDARD POLICY

9. The form policies issued by Standard to the Plaintiff and all putative class members are virtually identical in all material respects. Affixed hereto is the policy issued to Ms. Lindenbaum (the "Policy"). The terms therein are materially identical and are equally applicable to Ms. Lindenbaum and all putative class members. *See* Exh. A.

10. In its standardized Policy, Defendant promises to pay for "direct and accidental loss" to a covered auto. *Id*. at PD-1.

11. In the event that an insured auto sustains "direct and accidental loss," Defendant asserts in its "Payment of Loss" section that "[w]e may pay for a loss in money or repair or replace the damaged or stolen property." *Id.* at PD-4.

12. Defendant further promises "[i]f we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property." *Id.*

13. Under Ohio law, sales tax is imposed on every vehicle purchase at a fixed state rate and a variable county surtax rate.

14. In originally purchasing the total-loss vehicle, Plaintiff paid applicable sales tax.

## PLAINTIFF ROBERTA LINDENBAUM'S ACCIDENT

15. At all times material hereto, Plaintiff insured a 2016 Nissan Altima 2.5 under the Policy issued by Standard.

16. On or about April 17, 2017, the insured vehicle sustained loss or damage, after which Plaintiff filed a claim for property damage with Standard.

17. Following the filing of said claim, Defendant determined that the vehicle was a total loss with a base vehicle value of $21,650.00 and an adjusted vehicle value of $21,732.00. Exh. B (Valuation Report).

18. Standard calculates the base and adjusted value through a third-party vendor ("CCC"), which bases vehicle valuations on the cost to purchase similar vehicles with similar conditions and mileage. First, CCC identifies the underlying value of comparable vehicles, from which it adjusts based on any differences in mileage, trim, options, *etc. See* Exh. B.

19. Standard paid only the adjusted vehicle value of $21,732.00 minus the deductible of $500.00. By failing to include sales tax in making payment for the loss, Standard breached its contract with Plaintiff. Exh. C (Settlement Letter). Despite paying for the loss "in money," Defendant did not include the "applicable sales tax for the stolen or damaged property."

20. To the extent the applicable limitation on liability is the vehicle's actual cash value, such limitation does not operate to exclude or subvert Defendant's explicit and unambiguous promise to include payment for sales tax in its loss payments.

21. Similarly, Standard failed to pay sales tax to all members of the Class, defined below, and thus breached its contract with all such Class Members.

## **CLASS ALLEGATIONS**

22. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action as representative of the Class defined as follows:

> All Ohio insureds, under a policy issued by Standard covering a vehicle with private-passenger auto physical damage coverage for comprehensive or collision loss, who, within the applicable statute of limitations prior to the filing of this lawsuit through the date of the certification Order, submitted a first-party property damage claim determined by Standard to constitute a covered loss claim and where the loss claim payment did not include sales tax.

23. Excluded from the Class are Defendant and its affiliates, parents, and subsidiaries, officers and employees, governmental entities, the judge to whom this case is assigned, and the judge's court staff and immediate family.

24. **Numerosity**: Although the precise number of Class Members is unknown to Plaintiff at this time and can only be determined through appropriate discovery, Plaintiff believes that because Defendant is one of the largest motor vehicle insurers in the State of Ohio and wrote hundreds of millions of dollars of private-passenger physical damage coverage premiums during

4

the relevant time period, the Class of persons affected by Defendant's unlawful practice consists of thousands of individuals or the Class of persons affected are otherwise so numerous that joinder of all Class Members is impractical, and likely numbers in the tens of thousands. The unlawful practice alleged herein is a standardized and uniform practice, employed by Defendant pursuant to standardized insurance policy language, and results in the retention by Defendant of insurance benefits and monies properly owed to Plaintiff and the Class Members. Thus, numerosity within the meaning of Fed. R. Civ. P. 23(a)(1) is established.

25. **Commonality**: The following common questions of law and fact exist, which are susceptible to common answers:

   a. whether Defendant's promise to pay sales tax when paying for the loss in money obligated it to pay sales tax to Plaintiff and the other Class Members;

   b. whether Defendant has breached its insurance contracts with Plaintiff and the Class Members by failing to include sales tax as part of the loss payment.

26. **Typicality**: Plaintiff's claims and defenses are typical of the Class members' claims. Defendant injured Plaintiff and Class Members through uniform misconduct and Plaintiff's legal claims arise from the same core practices—namely, whether sales tax should be paid as part of a payment of loss under the Policy. Plaintiff's and Class Members' claims are based upon the same legal theories. Plaintiff suffered the same harm as all Class Members: unpaid sales tax, due under their Policies.

27. **Adequacy**: Plaintiff is an adequate Class Representative because her interests do not conflict with Class Members' interests, and she will fairly and adequately protect these interests. Plaintiff's counsel are experienced in litigating consumer class actions and complex litigation and have specific experience successfully litigating similar disputes as Class counsel.

28. **Predominance**: The issues common to the Class Members predominate over individual issues (if any) within the meaning of Fed. R. Civ. P. 23(b)(3). The common issues articulated herein are not only the central issues to this litigation, they are virtually the only issues relevant to this litigation. Any individual issues are a product only of the fact that the value of vehicles varies – because sales tax is a percentage of underlying value, the amount of sales tax varies. However, any variance is resolved by a ministerial and mechanical application of uniform rates imposed by the State of Ohio and is independent from any question concerning the merits of the claim. Quite frankly, there are no relevant individual questions important to this litigation.

29. **Superiority**: Moreover, Class treatment is superior to any other treatment within the meaning of Fed. R. Civ. P. 23(b)(3). Class treatment provides for a fair and efficient adjudication of the controversy because it is desirable to concentrate the litigation of the Class Members' claims in one forum, as it will conserve party and judicial resources and facilitate consistent adjudication. Furthermore, because the damages suffered by individual Class Members is relatively small, their interests in maintaining separate actions is questionable and the expense and burden of individual litigation makes it impracticable for Class Members to seek individual redress for the wrongs done to them. Plaintiff knows of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.

30. The issues related to Plaintiff's claims do not vary from the issues relating to the claims of the other members of the Class such that a class action provides a more efficient vehicle to resolve this claim than through a myriad of separate lawsuits.

31. The relevant Policy provisions for each Class Member are the same. The relevant law relating to the interpretation and application of those Policy provisions for each Class Member is the same. There is the potential for inconsistent or varying adjudications concerning individual

Class Members. Allowing the issues to be adjudicated in a piecemeal fashion likely would result in certain Class Members who are not parties to individual adjudications having their rights impaired or impeded without notice or adequate representation.

32. Defendant's breach of Policy provisions requiring them to pay sales tax on loss claims is a continuing breach and violation of Policy terms.

## COUNT I: BREACH OF CONTRACT

33. Paragraphs 1 through 32 are hereby incorporated by reference.

34. This count is brought by Plaintiff Roberta Lindenbaum individually and on behalf of the Class Members.

35. Plaintiff was party to an insurance contract with Standard as set forth herein. All Class Members were parties to an insurance contract with Standard containing materially-identical terms. Plaintiff and members of the Class satisfied all conditions precedent.

36. Plaintiff and all Class Members made a claim determined by Standard to be a first-party loss under the insurance policy and determined by Standard to be a covered claim.

37. Upon the loss to the insured vehicles, Plaintiff and every Class Member were owed the sales tax as part of their loss payment. Nevertheless, Defendant failed to include sales tax in making the loss claim payments.

38. By failing to include sales tax in the loss claim payments, Defendant breached its contract with Plaintiff and with each respective Class Member.

39. As a result, Plaintiff and all Class Members were damaged, and are entitled to damages in the amount of the Sales Tax, less any amount in sales tax already paid (if any), along with prejudgment interest, post-judgment interest, costs, and attorneys' fees allowable by law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Roberta Lindenbaum, individually and on behalf of the Class Members, demand a trial by jury on all triable issues and seek relief and judgment as follows:

- For an Order certifying this action as a Class Action on behalf of the Class described above;

- For an award of compensatory damages for the Class in amounts owed under the Policies;

- For all other damages according to proof;

- For an award of attorney's fees and expenses as appropriate pursuant to applicable law;

- For costs of suit incurred herein;

- For pre and post-judgment interest on any amounts awarded; and

- For injunctive and other further forms of relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,  **ROBERTA LINDENBAUM**, individually and on behalf of a Class of similarly situated individuals

Dated: March 29, 2021  By:  /s/Adam T. Savett
**SAVETT LAW OFFICES LLC**
Adam T. Savett, Esq. (VA73387)
adam@savettlaw.com
2764 Carole Lane
Allentown PA 18104
Tel: 610-621-4550
Fax: 610-978-2970

**DAPEER LAW, P.A.**
Rachel Dapeer*

FBN: 108039
rachel@dapeer.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Tel: 305-610-5223

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq.*
FBN: 0100537
scott@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Tel: 305-975-3320

**SHAMIS & GENTILE**
Andrew J. Shamis*
FBN: 101754
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 1205
Miami, FL, 33132
Tel: 305-479-2299

*Counsel for Plaintiff*
*\*pro hac vice to be filed*